# Attachment 6

**COPY - Filed - GR**
February 11, 2026 12:10 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:  JMW

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA *ex rel.* GNGH2 Inc.,

Plaintiff-Relator,

v.

ETO MAGNETIC CORP.

Defendant.

Case No. 1:24-cv-929

Hon. Paul L. Maloney
U.S. District Judge

**FILED *EX PARTE* AND UNDER SEAL**

/

## MEMORANDUM IN SUPPORT OF THE UNITED STATES OF AMERICA'S FIFTH *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO CONSIDER ELECTION TO INTERVENE

The United States of America (the "Government") submits this Memorandum in support of its *ex parte* application for an order under the False Claims Act ("FCA"), as amended, 31 U.S.C. § 3730(b)(3), for an extension of time, from February 11, 2026, to and including May 12, 2026, in which to notify the Court of its decision whether to intervene in the above-captioned *qui tam* action, during which time the Complaint and all other filings shall remain under seal, except as previously ordered in the Court's May 12, 2025 order granting a partial lift of the seal. This is the Government's fifth request for an extension of time in this case. Relator concurs in this request.

### BACKGROUND

Relator alleges in his *qui tam* complaint that Defendant ETO Magnetic Corporation ("ETO Magnetic") has violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*, by fraudulently applying for and receiving a Paycheck Protection Program

("PPP") loan for which it was not eligible. In February of 2021, ETO Magnetic received a second-draw PPP loan of $1,317,500 from HSBC Bank. SBA forgave that loan, plus interest, in August of 2021. Relator alleges that ETO Magnetic was ineligible for this loan because it had too many employees to be eligible under the requisite affiliation rules. Relator also alleges that ETO Magnetic was ineligible because its affiliate had significant operations in China.

By way of background, the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136, charged the U.S. Small Business Administration ("SBA") with implementing the PPP loan program to assist small businesses adversely impacted by the ongoing coronavirus pandemic. *See* § 1102, 134 Stat. at 286, codified at 15 U.S.C. § 636. The PPP loan was designed to provide a direct incentive for small businesses to keep their workers on the payroll. Loan amounts were calculated based on certain average payroll and other business operations expenses. 15 U.S.C. § 636(a)(36)(E). Congress later passed the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Economic Aid Act"), Pub. L. 116-260, which allowed businesses to get second-draw PPP loans under similar terms. For both first and second draw loans, the SBA will forgive PPP loans if all employee retention criteria are met and the funds are used for eligible expenses. *See* 15 U.S.C. § 636m; 15 U.S.C. § 636(a)(37)(J)(ii). Businesses can either pay back the loans or apply for forgiveness.

The CARES and Economic Aid Acts placed size limitations on eligibility for PPP loans. For second draw loans, businesses were eligible only if they had 300 or

2

fewer employees. *See* 15 U.S.C. § 636(a)(37)(A)(iv)(I)(aa). SBA borrowers, including PPP loan applicants, must apply SBA's affiliation rules contained in 13 C.F.R. § 121.301(f) when determining eligibility and calculating an employee count. *See* 15 U.S.C. § 636(a)(36)(D)(vi); 13 C.F.R. § 121.103(a)(8). Thus, if an applicant is affiliated with another entity under the affiliation rules, they must count their affiliate's employees in addition to their own.

As relevant here, the affiliation rules provide that applicants are affiliated with (1) their majority shareholder and (2) other entities that are majority owned by the same shareholder and operate in the same North American Industry Classification System subsector as the applicant. *See* 13 C.F.R. § 121.301(f)(1)(ii). In addition, entities are affiliated where they are controlled by a single individual or entity.[1]

Relator asserts that ETO Magnetic is affiliated with its parent company, ETO Gruppe Technologies GmbH, and its parent company's other affiliates. With these affiliates, Relator alleges that ETO Magnetic had more than 300 employees.

In addition to the size limitations, second draw PPP loans were not available if a business "has significant operations in the People's Republic of China. . ." *See* § 15 U.S.C. 636(a)(37)(A)(iv)(III)(AA). Relator alleges that ETO Magnetic's parent company, ETO Gruppe Technologies GmbH, has significant operations in China.

---

[1] *See* Small Bus. Admin., *Affiliation Rules Applicable to U.S. Small Business Administration Paycheck Protection Program*, 2 (Apr. 3, 2020) https://www.sba.gov/sites/default/files/2020-06/Affiliation%20rules%20overview%20%28for%20public%29%20v2-508.pdf.



4

## DISCUSSION

The *qui tam* provisions of the False Claims Act provide, in relevant part:

> (2)    A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.
>
> (3)    *The Government may, for good cause shown, move the court for extensions of time during which the complaint remains under seal under paragraph (2) . . .*

31 U.S.C. §§ 3730(b)(2), (3) (emphasis added).

The Government respectfully submits that it has good cause to seek an extension of time in this case. As discussed more fully above, the Government has actively investigated this matter since being served with Relator's Complaint. However, to decide whether intervention is appropriate, the Government requires more time beyond the present seal and intervention deadline of February 11, 2026.

## CONCLUSION

The Government respectfully requests that the Court grant its application for an extension of time, to and including May 12, 2026, during which time the Government may determine whether to intervene in the matter. Relator concurs in this request.

Dated: February 11, 2026

Respectfully submitted,

TIMOTHY VERHEY
United States Attorney

JACOB L. CARLTON
CAROLYN A. ALMASSIAN
Assistant United States Attorneys
U.S. Attorney's Office
Western District of Michigan
330 Ionia Ave NW, Suite 501
Grand Rapids, MI 49503
Tel: (616) 456-2404
Email: Jacob.Carlton@usdoj.gov

6